IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| TEMESHIA HARRIS, | * | |
| Plaintiff, | * | |
| | * | CV 123-012 |
| v. | * | |
| WORLD FINANCE CORPORATION OF GEORGIA LLC, | * | |
| Defendant. | * | |

**O R D E R**

Before the Court are Defendant's motion to dismiss (Doc. 8) and Defendant's motion to dismiss the amended complaint (Doc. 13). For the following reasons, Defendant's motion to dismiss (Doc. 8) is **GRANTED** and Defendant's motion to dismiss the amended complaint (Doc. 13) is **DENIED AS MOOT**.

**I. BACKGROUND**

On January 31, 2023, Plaintiff, proceeding *pro se*, filed her original complaint against Defendant alleging violation of the Fair Credit Reporting Act. (Doc. 1.) On February 23, 2023, the Court instructed Plaintiff to "serve Defendant within 90 days" and warned that failure to do so may result in dismissal of her entire case. (Doc. 7, at 1-2.) Defendant filed its motion to dismiss the original complaint on March 15, 2023, citing both insufficient

service and failure to state a claim as grounds for dismissal. (Doc. 8, at 1-3.) Plaintiff was granted an extension of time to respond to Defendant's motion to dismiss, and instead of responding she filed an amended complaint on March 30, 2023. (Docs. 9, 11, 12.) Defendant then filed a motion to dismiss Plaintiff's amended complaint, raising again insufficient service and failure to state a claim as grounds for dismissal. (Doc. 13, at 1-3.)

## II. DISCUSSION

Federal Rule of Civil Procedure 4 governs proper service of process. Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff, although proceeding *pro se*, is still required to follow the rules of this Court and is subject to the consequences of failing to do so. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Service upon a domestic corporation is proper if a copy of the summons and complaint is delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

The Eleventh Circuit has held that Rule 4(h) requires personal service on an agent of a corporation to properly perfect service. Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009) ("The term 'delivering' appears to refer to personal service."). In Dyer, the Eleventh Circuit upheld dismissal of a *pro se* action on grounds of imperfect service where the complainant's only attempt at service was sending by certified mail a copy of the summons and complaint to the defendant corporation's registered agent. Id. at 843-44.

Service may also be accomplished by following the state law for service of process in the state where the court is located or service is made — here, Georgia. See Fed. R. Civ. P. 4(e)(1). Georgia allows service upon a corporation by delivering a copy of the summons and complaint to the president or other officer of such corporation, a managing agent thereof, or a registered agent thereof. O.C.G.A. § 9-11-4(e)(1). "[T]he mailing of a copy of the summons and complaint along with a request for acknowledgment of service to Defendant's registered agent is not sufficient under Georgia law to perfect service. The service upon a registered agent has to be personal." Ritts v. Dealers All. Credit Corp., 989 F. Supp. 1475, 1478 (N.D. Ga. 1997) (citing Todd v. Harnischfeger Corp., 340 S.E.2d 22, 23 (Ga. Ct. App. 1985)).

Here, Plaintiff attempted to perfect service upon Defendant by sending a copy of the summons and complaint by electronic email to an unnamed address and regular United States Postal Service

mail to Defendant's registered agent, CT Corporation System, 289 S. Culver St., Lawrenceville, GA 30046. (Doc. 1, at 4; Doc. 12, at 7.)  Either method is insufficient service on a corporate defendant.  Plaintiff failed to personally serve any of Defendant's officers, managers, or authorized agents; nor did she file a waiver of service with the district court.  Therefore, the Court finds Plaintiff did not properly serve Defendant as required by Rule 4 and O.C.G.A. § 9-11-4(e).

Pursuant to Rule 4(m), the Court must dismiss an action without prejudice if the plaintiff fails to perfect service of process within 90 days of filing the complaint. Fed. R. Civ. P. 4(m).  Plaintiff filed her original complaint on January 31, 2023, and more than 90 days have passed.  "The fact that [Plaintiff] ha[s] filed an amended complaint — one that adds no new defendants — has no effect on the Court's finding that [her] service of the [Defendant] was insufficient."  See Proctor v. Navka, LLC, No. 4:14-cv-144, 2015 WL 1788939, at *3 (S.D. Ga. Apr. 20, 2015), aff'd Proctor v. Navka, LLC, No. 15-12165 (11th Cir. Oct. 22, 2015). Thus, Plaintiff's complaint is due to be dismissed for inadequate service of process.  Since the Court has dismissed the complaint, Plaintiff's amended complaint (Doc. 12) is moot.

While the Court may, in its discretion, "extend the time for service of process even in the absence of a showing of good cause," Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005), it declines to do so in this case.  The Court put Plaintiff

4

on notice that she had an obligation to serve Defendant within 90 days, and she failed to do so. (See Doc. 7.) Additionally, Defendant moved twice to dismiss, citing insufficient service as a basis for dismissal in both motions. (Docs. 8, 13.) Plaintiff did not respond to Defendant's arguments for dismissal, nor has she filed anything in this case since Defendant's second motion to dismiss.[1] Furthermore, Plaintiff has actively engaged in other litigation in this Court while this case was left dormant. See, e.g., Harris v. Experian Info. Sols., Inc., No. 1:23-cv-111 (S.D. Ga. Aug. 9, 2023). The Court is mindful that based on Plaintiff's allegations, the statute of limitations has likely run, but finds that under the circumstances, dismissal of Plaintiff's claim for insufficient service is appropriate. Horenkamp, 402 F.3d at 1133 ("[T]he running of the statute of limitations does not require that a district court extend the time for service of process . . . .") (citing Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996)). Because Plaintiff's complaint is dismissed for insufficient service of process, the Court declines to address Defendant's argument that Plaintiff fails to state a claim.

---

[1] Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve a response to the motion within fourteen days of its service. See L.R. 7.5, SDGa. "Failure to respond within the applicable time period shall indicate that there is no opposition to a motion." Id. While Plaintiff filed an amended complaint after the first motion to dismiss, there was no response in any form to the second. Thus, even if Plaintiff had properly served Defendant, this case would still be subject to dismissal under the Local Rules.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss for insufficient service of process (Doc. 8.) is **GRANTED** and Defendant's motion to dismiss the amended complaint (Doc. 13.) is **DENIED AS MOOT**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **TERMINATE** any pending motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of October, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

6